UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

JAGDESHWAR SUKAR,

                Plaintiff,             **ORDER**
                                                            22-CV-3607 (MKB) (JRC)
      v.

MAHENDRA RAMKELLAWAN,

                Defendant.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Jagdeshwar Sukar commenced the above-captioned action on June 17, 2022, against Defendant Mahendra Ramkellawan, seeking to enforce a foreign judgment against Defendant pursuant to Article 53 of the New York Civil Practice Law and Rules. (Compl., Docket Entry No. 1.) Plaintiff's claim arises from Defendant's failure to repay the sum of seven million Guyanese dollars plus interest, pursuant to a March 8, 2019 order from the High Court of the Supreme Court of Judicature of Guyana. (Compl. ¶¶ 14, 16; Guyana Court Judgment Dated Mar. 8, 2019, annexed to Compl. as Ex. D, Docket Entry No. 1-4.)

      Plaintiff invokes this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 3.) Defendant failed to appear or otherwise defend this action, and on December 19, 2022, the Clerk of Court noticed a default against Defendant. (Clerk's Entry of Default, Docket Entry No. 10.) On January 4, 2023, Plaintiff moved for default judgment, and on March 13, 2023, Judge Cho denied the motion with leave to refile for failure to comply with the Court's local rules. (Pl.'s Mot. for Default J., Docket Entry No. 11; Order dated March 13, 2023.) On April 28, 2023, Plaintiff filed his second motion for default judgment. (Pl.'s Second Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 13.) On May 11, 2023, the Court referred the second

motion to Magistrate Judge James R. Cho for a report and recommendation. (Order dated May 11, 2023.) By report and recommendation dated February 27, 2024, and after supplemental briefing from Plaintiff, Judge Cho recommended that the Court dismiss Plaintiff's complaint for lack of subject-matter jurisdiction, finding that Plaintiff has not shown to a "reasonable probability" that the amount in controversy exceeds $75,000. (Report & Recommendation ("R&R") 4, 8–9, Docket Entry No. 18; Pl.'s Suppl. Br. ("Suppl. Br."), Docket Entry No. 17.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial

2

review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).[1]

---

[1] The Court also notes that Plaintiff has not alleged that the parties are diverse such that they satisfy the first requirement of section 1332. "The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citations omitted). Complete diversity includes controversies between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2); *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (per curiam). "However, 'diversity is lacking . . . where the only parties are foreign entities, or where on one side there are citizens and [noncitizens] and on the opposite side there are only [noncitizens].'" *Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307, 2023 WL 1807717, at *2 (2d Cir. Feb. 8, 2023) (quoting *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)). In general, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Tagger*, 951 F.3d at 126 (alteration in original) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019)). However, a lawful permanent resident noncitizen domiciled in a state is not considered a citizen of that state for purposes of diversity jurisdiction. *See id.* at 126–27 (holding that a citizen of Israel who was a lawful permanent resident of New York was not considered a citizen of New York for diversity purposes); *Bazzi*, 2023 WL 1807717, at *2 ("[A] foreign citizen who resides in, and is a permanent resident of, the United States is '[a noncitizen] for the purposes of diversity jurisdiction.'" (quoting *Tagger*, 951 F.3d at 126)); *Zhang v. Han*, No. 21-CV-1625, 2022 WL 62154, at *2 (S.D.N.Y. Jan. 5, 2022) (same). Plaintiff fails to allege that Defendant is a U.S. citizen, alleging only that Defendant "permanently resides" in New York. (Compl. ¶ 7.) In addition, Plaintiff alleges that Plaintiff himself is domiciled in the Cayman Islands, West Indies. (*Id.* ¶ 6.) Plaintiff has therefore failed to properly allege that the parties are diverse such that section 1332 applies. *See, e.g.*, *Zhang*, 2022 WL 62154, at *3 (concluding that the parties were not diverse where the plaintiff and two of the defendants were citizens of China, even though the plaintiff was a lawful permanent resident of the United States).

## II. Conclusion

Accordingly, the Court dismisses Plaintiff's Complaint without prejudice for lack of subject-matter jurisdiction.

Dated: March 15, 2024
      Brooklyn, New York

SO ORDERED:

_____/s/ MKB_____
MARGO K. BRODIE
United States District Judge